**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4966

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DARRYL JEROME POTTS,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. Frank W. Bullock, Jr., District Judge. (CR-04-36)

Submitted: January 25, 2006        Decided: February 24, 2006

Before WILLIAMS, KING, and SHEDD, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Charles L. White, II, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Randall S. Galyon, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Darryl Jerome Potts pled guilty to possession of 9.6 grams of cocaine base (crack) with intent to distribute, 21 U.S.C.A. § 841(a)(1), (b)(1)(B) (West 1999 & Supp. 2005), and was sentenced as a career offender to a term of 190 months imprisonment. U.S. Sentencing Guidelines Manual § 4B1.1 (2003). Potts seeks to appeal his sentence, arguing that it was imposed in violation of the Sixth Amendment under United States v. Booker, 543 U.S. 220 (2005), because the district court relied on facts he did not admit to increase his offense level and to establish his career offender status. He contends that the waiver provision in his plea agreement does not bar his appeal. We find that the waiver was valid and that the issues Potts raises in this appeal are within the scope of the waiver. We therefore dismiss the appeal.[1]

In his plea agreement, Potts waived his right to appeal his sentence "on any ground," except in four circumstances:

> (1) ineffective assistance of counsel, (2) prosecutorial misconduct not known to the defendant at the time of the defendant's guilty plea, (3) a sentence in excess of the statutory maximum, and (4) a sentence based on an unconstitutional factor, such as race, religion, national origin or gender.

Potts does not dispute that, during the change of plea hearing, the district court discussed the appeal waiver with him and also

---

[1]Although the government did not assert the waiver in its opening brief, it did so after the parties were directed to submit supplemental briefs following our decision in United States v. Blick, 408 F.3d 162 (4th Cir. 2005).

informed him that the statutory penalty for his offense was five to forty years imprisonment. A defendant may, in a valid plea agreement, waive the right to appeal. United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). Whether a defendant has effectively waived the right to appeal is an issue of law this court reviews de novo. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). An appeal waiver is valid if the defendant knowingly and intelligently agreed to waive his right to appeal. Blick, 408 F.3d at 168-69.

As discussed above, the district court questioned Potts about the appeal waiver. He stated that he understood it. We conclude that there is no basis for finding that the appeal waiver was not knowingly and intelligently made.[2] The subsequent issuance of Blakely v. Washington, 542 U.S. 296 (2004), and its progeny does not invalidate an otherwise valid waiver. Blick, 408 F.3d at 173.

In his supplemental brief, Potts argues that the waiver does not bar his appeal because the sentence he received was in excess of the statutory maximum as defined in Booker and was based on an unconstitutional factor; that is, the mandatory application of the sentencing guidelines. He asserts that his plea agreement, unlike the agreement in Blick, did not define the term "statutory maximum," and that, as a result, "the meaning ascribed to the term

---

[2]We have reviewed only the portions of the guilty plea hearing transcript that the government quoted in its brief. However, Potts does not dispute the validity of his guilty plea or the waiver.

- 3 -

'statutory maximum' by the Supreme Court in <u>Booker</u> is the logical one to apply in this case." He further contends that the waiver excepted a sentence based on an unconstitutional factor, and thus he may raise the alleged Sixth Amendment violation.

Because Potts' career offender offense level was determined by his prior convictions, and the qualifying nature of the predicate convictions was clear from his criminal record, no Sixth Amendment error occurred in Potts' sentencing. <u>See</u> <u>United States v. Thompson</u>, 421 F.3d 278, 282-83 (4th Cir. 2005) (holding that district court may impose armed career criminal sentence relying on prior convictions neither charged nor admitted if facts necessary to support enhanced sentence are inherent in fact of convictions and no additional fact finding is required), <u>petition for cert. filed</u>, Oct. 25, 2005 (No. 05-7266). Therefore, we conclude that the waiver exception for a sentence based on an unconstitutional factor does not apply. Moreover, the parties clearly understood the term "statutory maximum" to refer to the forty-year maximum set out in § 841(b)(1)(B). <u>See</u> <u>Blick</u>, 408 F.3d at 169 n.7 (agreeing with other circuits that S. Ct.'s use of term "statutory maximum" in <u>Blakely</u> and <u>Booker</u> does not alter meaning of language in appeal waiver). Consequently, the issues raised in Potts' appeal are within the scope of his waiver.

We therefore dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately

- 4 -

presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>
